[Practice.]

DAVIDSON and Another, Plaintiffs in Error, *against* TAYLOR, Defendant in Error.

The bail is fixed by the death of the principal after the return of the *ca. sa.* and before the return of the *scire facias*; and the bail is not entitled to an *exoneretur* in such a case.

*Jan. 31st.*

THIS cause was argued by Mr. *Jones* for the plaintiffs in error, and by Mr. *Coxe* for the defendant in error

Mr. Chief Justice MARSHALL delivered the opinion of the Court.

This is a case of bail, and is to be decided by the principles of English law, which the case finds constitute also the law and practice of Maryland on the subject. According to these principles, the allowance of the bail to surrender the principal after the return of a *ca. sa.* is considered as a matter of favour and indulgence, and not of right, and is regulated by the acknowledged practice of the Court. To many purposes, the bail is considered as fixed by the return of the *ca. sa.* But the Courts allow the bail to surrender the principal within a limited period after the return of the *scire facias* against them, as matter of favour, and not as matter pleadable in bar. In certain cases even a formal surrender has not been required, where the principal was still living, and capable of being surrendered, and an *exoneretur* would be entered, and the principal discharged immediately upon the surrender. But the rule has never been applied to cases where the principal dies before the return of the *scire facias*. In such a case, the bail is considered as fixed by the return of the *ca. sa.*, and his death afterwards, and before the return of the *scire facias*, does not entitle the bail to an *exoneretur*. The plea is, therefore, bad; and the judgment is affirmed, with six per centum damages, and costs.