Per Curiam.

This is an application to enter an exoneretur on the bail-piece ; and the question is, whether the bail, by surrendering their principal, can now be exonerated, the time for surrendering having expired. The case of Ballard and Parkman ads. Kibbe and Ludlow, (Col. Cas. 56.) cited in support of the application, is quite distinguishable from this. There the sheriff’s return was defective; and Parkman, one of the defendants, had endorsed his appearance on the capias two days after the return day; while the other defendant, Ballard, was arrested by the sheriff on a testatum capias against him alone, and made returnable in Jan. 1798. But he surrendered his principal in behalf of himself and his co-bail before the return day of the testatum capias. The declaration was not filed until Feb. 10, 1798 ; and the court held, that the surrender was regular as to both, no declaration having been filed, or proceedings had against *40 the defendant who endorsed his appearance, until the arrest of his co-bail.
The rule is, that the bail are entitled to eight days entire, where the process is against both, but the return must be compíete. Here the plaintiff elected to proceed upon the first return without suing out an alias against the defendant not taken, and filed his declaration; and there is no distinction between proceedings against bail and other joint debtors.
Both bail are bound for their principal, and the plaintiff has a remedy against them jointly and severally. He may proceed, therefore, either against both or one. Patten, the defendant who now applies for relief, has had every opportunity to exonerate himself by surrendering his principal, and has failed to do so. This was his own fault, and he is now fixed. The right of the bail to discharge himself ends with the return of the ca. sa. against his principal; and the eight days is matter of grace rather than of right.
This motion must be denied; but the bail not taken has liberty to make such application to the court as his case may require.
Motion denied.
[D. Selden, atty. for deft. E. Curtis, atty. for plff.]