ALBANY,
Feb. 1833.

Russell
v.
Champion.

December 20.

---

### RUSSELL and others *vs.* CHAMPION.

An *exoneretur* will be ordered on a bail piece, where it is shewn that the ac-
tion in which the bail is given is founded upon contract, and that the de-
fendant in such action is not liable to *arrest* according to the provisions of
the act *abolishing imprisonment for debt.*

February 7.

MOTION for exoneretur.    *M. T. Reynolds* moved for an *ex-
oneretur* to be entered on the bail piece, on the ground that
the judgment in this case being founded upon contract, the
defendant is not liable to be *arrested* or *imprisoned,* since the
passage of the act *abolishing imprisonment for debt, Laws of*

1831, *page* 396 ; and he insisted that in conformity to the settled practice of the court, ordering an *exoneretur* when it is shewn that a party is not subjected to arrest, as where he has obtained a discharge as an *insolvent debtor*, the motion ought to prevail.

*J. Hamilton,* contra, contended that as by the act of 1831, an arrest and imprisonment is allowed in certain cases, and as provision is made by the 46th section of that act, by the suing out of a *habeas corpus* or *certiorari* for the discharge of any person who may be imprisoned and entitled to be discharged from such imprisonment, the question whether a party is or is not entitled to his discharge, should be left to be determined in that way.

*M. T. Reynolds,* in reply. If any cause exist subjecting the defendant to imprisonment, it should now be shewn. *Prima facie,* from the facts before the court, the defendant is not liable to imprisonment ; and as in the case before alluded to, of an insolvent discharge, the court will consider the act of the legislature as equivalent to a surrender.

*By the Court,* NELSON, J. It being shewn that the judgment in this case is founded upon contract, *prima facie* the defendant cannot be arrested. Besides, the plaintiffs have had notice of this motion, and have not shewn that the defendant is subject to arrest within the provisions of the act of 1831. There cannot, therefore, be any reason for refusing the *exoneretur,* to which the bail might at any moment entitle themselves by surrendering the defendant, or to which the defendant might entitle them by surrendering himself in discharge of his bail. Whenever it is shewn that a defendant is not subject to arrest, it is a matter of course to order an *exoneretur.*

Motion granted.