## WHITE vs. BLAKE.

June, 1840.

*Special bail* may apply for an *exoneretur* on the ground that the right to imprison the *principal* was abolished by an act of the legislature previous to the expiration of the time within which the principal might have been surrendered.

*Bail* have no right to ask for an *exoneretur* on the ground that the principal was not *originally liable to arrest*—on that ground the *principal* alone will be heard.

SPECIAL BAIL. The defendant became special bail for *Asa F. Cockrane*, a *non-resident debtor* in an action upon contract, at the suit of the plaintiff, brought in the New-York common pleas. In January, 1839, judgment was recovered in favor of the plaintiff. In June following a *ca. sa.* against the principal was returned *non est.* In December, 1839, the plaintiff commenced this action against the bail, who obtained an order enlarging the time to surrender until May last. Before the time expired, the act placing *non-residents* upon a footing with *resident* debtors as to imprisonment was passed, *Statutes*, 1840, *p.* 120. On the 4th of May, no surrender having been made, the plaintiff perfected judgment against the bail. A motion was now made by the *bail* to

White v. Blake.

set aside the judgment, and to enter an *exoneretur* on the bail-piece.

*D. Selden* opposed, and likened it to the case where the principal dies after the return of the *ca. sa.*, and he cited *Olcott* v. *Lilly*, 4 *Johns. R.* 407, where it was held that after the bail are fixed, *de jure*, by the return of the *ca. sa.*, they take the risk of the death of the principal. He also said, that the motion should have been made by the principal, not the bail. *Stever* v. *Somberger*, 19 *Wendell*, 121.

*By the Court*, Bronson, J. The plaintiff's counsel is right in saying that if the principal had died after the return of the *ca. sa.*, the bail could not have been relieved. But the case which he cites recognizes a distinction upon which we have often acted, that where the principal has been discharged under an insolvent act before the period allowed *ex gratia* for surrendering has expired, the bail are entitled to relief. The discharge is held equivalent to a surrender. The same rule was applied in a case where the right to imprison the principal was taken away by the legislature. *Russell* v. *Champion*, 9 *Wendell*, 462. There could be no use in surrendering the principal, when he would be entitled to an immediate discharge.

In *Stever* v. *Somberger*, the bail moved on the ground that the principal was not *originally liable to arrest*, which was a matter for the principal—not the bail—to set up. But thebail always move where they have surrendered the principal, or where, as in this case, something has happened or been done which is equivalent to a surrender.

The bail are entitled to relief on payment of the costs of the suit against them.

Motion granted.