ANDREW MATHER, Pltff in Error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, Defts in Error.

### ERROR TO MADISON.

The death of the principal in any recognizance, after forfeiture thereof, but before judgment rendered upon the *Scire Facias* issued thereon, may be pleaded by the securities, in discharge of such recognizance.

Elisha W. Dunn, on the eleventh day of February, 1850, entered into a recognizance before Charles Cook, a justice of the peace for Madison county, with Andrew Mather, the plaintiff in error, as his surety, to appear at the next term of the Madison

Circuit Court, to answer a charge of having in his possession counterfeit coin, and apparatus for making the same.

At the next term of the said Court, being the March term, 1850, an indictment for counterfeiting was found against said Dunn, and he failing to appear, the recognizance was forfeited, and a *scire facias* ordered, returnable to the next term. At the next term of the Circuit Court, being the August term, 1850, the said Andrew Mather appeared, and waived service of process (no *scire facias* having been served on him) and plead in discharge of his recognizance, that the said Dunn, since the last term of the Court, to wit, on the 18th day of April, A. D. 1850, departed this life. To this plea the prosecuting attorney interposed a demurrer, which was sustained by the Court, and a judgment rendered against Mather for the amount of the recognizance. To reverse this judgment, rendered by Underwood, Judge, at August term, 1850, Mather brings the case to this Court by writ of error, and assigns for error, that the Court below should have overruled the demurrer and given judgment for the people.

DAVIS & EDWARDS, and J. GILLESPIE, for Pltff in error.

The term *bail* applies as well to criminal as to *civil* proceedings. Jacobs' Law Dict. vol. 1, p. 208; Bouvier's Law Dict. vol. 1, p. 163–4; 8th Amendment to the Constitution of the U. S.

The 10th section of the act concerning bail, R. S. of 1845, p. 83, applies to all cases, criminal as well as civil. The 8th, 12th, and 13th sections are expressly made applicable to *civil* cases. The 10th section extends by *its* terms to *all* cases.

If, however, the above is not correct, it is still insisted th a the 196th section of the criminal code, R. S., p. 187, enters into and forms part of the recognizance, and gives to the surety the *right* to deliver up the principal, in discharge of his recognizance, at any time before the judgment is entered up against him upon the *Sci. Fa.* People *v.* Manney, 8 Cowen, 297.

Where a man is prevented by the act of God, from the performance of an act or duty, he shall be discharged.

P. FOWKE, Dist. Att'y, for the people.

To show that the statute relating to bail does not apply to

criminal cases, 1 Scam., 25; 3 Gilman, 355; 3 U. S. Dig., p. 324, §24, §49, §83; 2 Supp. U. S. Dig., p. 693, §39; 3 Harrington, 333.

TRUMBULL, J.    This case presents the question, whether the death of the principal, subsequent to a forfeiture of his recognizance, discharges the bail.

The statute declares, R. S., ch. 30, §196: "In all cases of bail for the appearance of any person or persons charged with any criminal offence, the security or securities of such person may, at any time before judgment is rendered upon *scire facias* to show cause why execution should not issue against such security or securities, seize and surrender such person or persons, charged as aforesaid, to the sheriff of the county wherein the recognizance shall be taken; and it shall be the duty of such sheriff on such surrender, and the delivery to him of a certified copy of the recognizance by which such security or securities are bound, to take such person or persons, so charged as aforesaid, into custody, and by writing acknowledge such surrender, and thereupon the security or securities shall be discharged from any such recognizance, upon payment of all costs occasioned thereby."

This law must be deemed to be within the purview of the recognizance, as much as if it were incorporated therein.

What, then, is the obligation which the security takes upon himself?    It is, that in case the recognizance is forfeited, he will either pay the amount thereof, or surrender up the principal before judgment is entered upon the *scire facias* to show cause. The surrender of the principal within the time thus prescribed, is a matter of right, and the surety could clearly plead it in bar of proceedings upon the *scire facias*.    Beers *v*. Houghton, 9 Pet., 330; Champion *v*. Noyes, 2 Mass., 480.

Such being the right of the security, it only remains to inquire, whether when by the act of God the principal is taken out of the custody of his bail, so as to prevent his being surrendered, it is equivalent to a surrender.

It is said in Co. Lit., 206, *a:* "If a man be bound by recognizance or bond with condition that he shall appear the next term in such a court, and before the day the conusee or obligor dieth, the recognizance or obligation is saved."    The reason given is, that "the bond or recognizance is a thing in action, and executory, whereof no advantage can be taken till there be a default

in the obligor; and therefore in all cases where a condition of a bond, recognizance, &c., is possible at the time of the making of the condition, and before the same can be performed, the condition becomes impossible by the act of God, or of the law, or of the obligee, there the obligation is saved."

Under our law the obligation of the security may be regarded as executory, until the rendition of judgment against him upon the *scire facias.* He has till then to surrender the principal, but if the principal dies before that time and before surrender, that which it was possible for him to have performed in discharge of his obligation, is made impossible by the act of God. The forfeiture of the bond does not absolutely fix the liability of the security. He still has the right to a discharge upon the surrender of the principal, and ought not to be prejudiced by his death before his liability is absolutely fixed. At the common law, the bail in civil suits were said to be fixed, if the principal died after the return of *non est inventus* upon the writ of *capias ad satisfaciendum* issued against him, although before the time indulged by the rules of Court for his surrender had elapsed. If, however, the principal obtained a certificate in bankruptcy between the return of the writ and the time allowed for his surrender, the surety was entitled to his discharge.

In several of the States, under statutes authorizing a surrender of the principal in discharge of the bail at any time before judgment on *scire facias* against them, a similar distinction has been drawn as to the effect of the death of the principal and his discharge by operation of law. Champion *v.* Noyes, 2 Mass., 480; Olcott *v.* Lilly, 4 John., 407; Hamilton *v.* Dunklee, 1 N. H., 172.

In other States the Courts have recognized no such distinction, but have held that the death of the principal at any time before the expiration of the period allowed by law for his surrender, could be pleaded by the securities in their discharge. In the case of The Bank of Mount Pleasant *v.* Pollock, 1 Ohio, 27, it was held that the death of the principal could not prejudice the right of his bail, who had till the return of the *scire facias* to make the surrender. The Court say in that case: "The bail do not undertake for the life of the principal, but for his surrender if alive. They are discharged by his death. The limitation of the English rule is not adopted by the legislature, and the Court have no authority to insert it by interpolation." So in Georgia,

bail may surrender their principal in discharge of their liability, at any time before final judgment against them, but not afterwards; and it is held, that the death of the principal before such judgment, discharges bail. Griffin v. Moore, 2 Kelly, 331. In this state it is expressly declared by statute, that "in all actions against bail, it shall be lawful for the bail to plead in bar of such actions, the death of the principal before the return day of the process against the bail." R. S., ch. 14, §10.

This statute, however, has no application to proceedings against bail upon a recognizance in a criminal case. The only question therefore is, whether in the absence of any statute expressly authorizing it, the bail can plead in discharge of their obligation the death of the principal, when it occurs before the time for his surrender has expired.

The authorities all agree, that the discharge of the defendant by operation of law, would be a good defence for the bail in such a case, but some of them hold that his death would not. The reason for this distinction is not very obvious. Particularly when the person only of the debtor is discharged under an insolvent law, as was the case in 9 Peters, 330, before referred to, where it was expressly held that the bail could plead such discharge in bar of proceedings against them. It can make but little difference to the bail whether the principal is taken from his custody by operation of law or by the act of God. In either event he is beyond his control. Whatever might be the rule in proceedings upon bail bonds given in civil suits in the absence of any express statute upon the subject, we think it clear, that no such distiction should exist as to the liability of bail in a criminal case.

The case of The People v. Manning, 8 Cowen, 297, was analogous in principle to the present. There the action was against the bail upon a recognizance of the sheriff to appear and answer for a contempt, and it was contended in that case, as in this, that the recognizance was analogous to that of bail in a civil suit, where the death of the principal after the bail are fixed, cannot be pleaded. The Court, however, held that the cases were not analogous. That the bail were not fixed by the failure of the sheriff to appear, and that his bail could plead his subsequent death in bar of a suit against them.

The bail in a civil suit undertake, that the defendant shall pay

or surrender his body in execution, or that they will pay for him, while in a criminal case, the undertaking is simply that the accused will appear and answer. The accused may never be convicted of the offence, or if convicted he is discharged from human punishment quite as effectually by death, as he could possibly be of his debts by a certificate of bankruptcy. The liabilty of the principal undoubtedly became fixed by the forfeiture of his recognizance, but the statute gives his security further time within which to discharge themselves, and of the benefit of this provision they ought not to be deprived by the death of the principal.

The demurrer to the plea of the security was therefore improperly sustained, and for that reason, the judgment is reversed, and the cause remanded.

*Judgment reversed.*