## NEW YORK SUPERIOR COURT.

EDWARD HAYES agt. DANIEL W. CARRINGTON and SPENCER KIRBY, impleaded with O. H. BERRYMAN.

In the case of the *death of the principal,* bail may be *exonerated* from their liability under the *Code,* where the death of the principal occurs within twenty days after the commencement of the action against him. bail, or within such further time as may be granted by the court for the surrender of the principal. Or, under the *Revised Statutes,* where such death occurs within the time, (twenty days) allowed to answer the complaint after the service of the summons on the bail, or where the complaint is not served, then within the twenty days allowed for an *appearance.*

*Special Term, May,* 1861.
MOTION to discharge defendants as bail.

A. J. VANDERPOEL, *for the defendants.*
G. SPRING, *for the plaintiff.*

HOFFMAN, Justice.   On the 16th of August, 1858, an
action was commenced in this court against O. H. Berry-
man, and an order of arrest was obtained against him.   The
action was for assault and battery.

Upon that arrest the present defendants entered into an
undertaking together with Berryman, dated the 25th day
of August, 1858, engaging that Berryman should at all
times render himself amenable to the process of the court,
during the pendency of the action, and to such as may be
issued to enforce the judgment therein.   On the sixth of
October, 1860, judgment was recovered against Berryman
in the sum of $1,729.15.

On the 9th of October, 1860, process of execution against
the property was duly issued, and returned unsatisfied on
the 11th of December, on the 12th of December process
against the person was issued; and on the 12th of Febru-
ary, 1861, that was returned, not found.

On the 25th of March the present action was commenced
by service of the summons on the defendant Kirby.

On the 9th of April, 1861, the summons had not been
served on the defendant Carrington.

The defendant in the original suit, Berryman, died at
Pensacola, not earlier than the 2d, and not later than the
6th of April, 1861.

On the 9th of April, 1861, an order was obtained on the
application and affidavits of Kirby and Carrington the bail,
for the present plaintiff to show cause why they should not
be exonerated from their liability as bail upon the under-
taking, and why the action should not be discontinued.
This motion is made under the 191st section of the Code.

Two differing constructions of the section are contended for by the respective counsel. It may be that the twenty days, or the extended time allowed by an order, applies only to the case of a surrender; it may also be, that it is referrible to each cause for exoneration enumerated in the section.

It will assist in obtaining a true interpretation, to ascertain how the law stood before the Code.

In England the death at any stage of a suit before the return of the *capias ad satisfaciendum* against the principal, gave the right. But the court refused to relieve the bail, when the death took place after the return day of the *ca. sa.* though it was not actully returned. (*Taney* agt. *Berry*, 2d Ld. Raym., 1452; 2 *Strange*, 717; *Glyer* agt. *Yates*, 2 *Strange*, 517; *Richardson* agt. *Gransten*, 6 *Term R.*, 284.)

In *Olcott* agt. *Lilley*, (4 *John. R.*, 407,) the court said there was no case in which the death of the principal, after the return of the *ca. sa.* had been allowed as a ground of relief. All the cases agree that after the bail is fixed *de jure*, they take the risk of the death of the principal. The time which is allowed the bail *ex gratia* is at their peril.

In *Davidson* agt. *Taylor*, (12 *Wheaton*, 604,) Ch. J. MAR-SHALL says, courts allow bail " to surrender their principal within a limited time after the return of the *sci. fa.* against them, as a matter of favor and not as a matter pleadable in bar. But the rule has never been applied to cases where the principal dies after the return. In such a case bail is considered fixed by the return of the *ca. sa.* (against the principal,) and his death afterwards does not entitle the bail to an exoneretur."

So in *White* agt. *Blake*, (22 *Wend.*, 612,) BRONSON, Justice, said : " The plaintiff's counsel is right in saying, that if the principal had died after the return of the *ca. sa.* the bail could not have been relieved." This was doubtless said in relation to the practice before the statute of 1830, next cited. (*See also Champion* agt. *Noyes*, 2 *Mass. R.*, 485.)

By the Revised Statutes of 1830, (*vol*, 2, *p.* 383, §347,) " Where the defendant in a suit shall die after the return of the execution against his body and before the expiration of eight days from the return of the process served on his bail, the court shall relieve such bail, on the same terms as if they had surrendered their principal at the time of his death."

The rules of practice in the other cases, such as discharge under a bankrupt, or non-imprisonment act, may be gathered from *White* agt. *Blake*, *ut supra*; *Stoner* agt. *Somberger*, (19 *Wend.*, 121;) *Campbell* agt. *Palmer*, (6 *Cow.*, 596;) *Petersdorf on bail*, 390, 392; *Jones* agt. *Ellis*, (1 *Adol. and Ellis*, 382.) The application might be made within the period which the bail possess for surrendering the principal.

*White* agt. *Blake* is very instructive. The defendant had become special bail for a non-resident debtor. In January, 1839, judgment was recovered against the principal. In June following, a *ca. sa.* was returned *non est*. In December 1839, the plaintiff commenced his action against the bail, who obtained an order enlarging the time for surrender until May, 1840. Before the time expired, an act placing non-residents on a footing with residents as to imprisonment for debt, was passed. (*Laws* 1840, *p.* 220.) On the 6th of May 1840, judgment was perfected against the bail; and in June, 1840, a motion was made for an exoneretur. The motion was granted. The distinction was taken between cases of death, and cases in which before the time for surrender had expired, the law had discharged the debtor from imprisonment. A surrender of the person then would be a useless ceremony.

It is not necessary to inquire whether the right to an exoneretur exists in these cases of legal discharge until judgment against the bail, or whether it may be granted as a matter of favor until then.

The power to extend the time to surrender under the Code is fully recognized, (*Gilbert* agt. *Bulkley*, 1 *Duer*, 668;

*Bank of Geneva* agt. *Reynolds*, 20 *How.*, 18; *and Baker* agt. *Curtis*, 10 *Abb.*, 279,) and I should think that a legal discharge within the extended time, as available now as it was before the Code.

One reading of the 191st section, is this: The bail may be exonerated;

1st. By the death of the defendant within twenty days after the commencement of the action against such bail, or within such further time as may be granted by the courts, *for the surrender of the principal*; or,

2d. By the imprisonment of the principal in a state prison, within the same period; or

3d. By the legal discharge of the principal from the obligation to render himself amenable to the process against him, within the same period; or

4th. By a surrender of the principal to the sheriff of the county where he was arrested, in execution of the process, within the same period.

This reading requires us to interpolate, as applicable to the case of death in the cause respecting further time, a clause such as I have above italicized.

The counsel of the plaintiff pointedly observed, that there could not be an extension by the court, of the time to die or get a discharge. The extension was to do an act within the further time which the bail were to have done before.

The other reading requires us to construe the section thus: The bail may be exonerated;

1st. By the death of the defendant, within such time as under the existing law, the bail is entitled in that event, to a discharge; or

2d. By the imprisonment of the defendant in a state prison within a similar period; or

3d. By his legal discharge from his obligation within a similar period; or

4th. By a surrender within twenty days from the com-

mencement of the action against such bail, or within such further time as may be granted by the court to make a surrender.

I am of opinion that the first reading of the section can be sustained. It is not necessarily at variance with the grammatical sense of the section. It seems to me to give a comprehensive and a precise rule for every case.

But suppose this view is wrong, and in the case of death, the period at which the bail is fixed is governed by the former law. By force of sections 468, 469 and 471, the provisions of the Revised Statutes which I have quoted, would furnish the rule, unless it is inconsistent with the Code, or is not in substance applicable to actions under it. (§ 471.)

The statutes referred to has fixed eight days after the return of the process against the bail, for the limit of the time within which the death of the principal shall work a discharge.

There is no longer a return of process, in the sense in which it was then understood; but here is its equivalent in the time allowed to answer the complaint after service of a summons, which is twenty days (§ 128;) or where a complaint is not served, the twenty days allowed for an appearance, (§ 130.) The defendant has that time to put himself in court, to surrender or defend.

It seems to me that the defendants are entitled to the order for their discharge,

Order accordingly.