### IN THE

## Supreme Court of the State of Georgia,

## AT MACON,

## JUNE TERM, 1861.

PRESENT—JOSEPH H. LUMPKIN, ⎫
            RICHARD F. LYON,      ⎬ JUDGES.
            CHARLES J. JENKINS, ⎭

---

THE STATE OF GEORGIA, plaintiff in error *vs.* BENJAMIN CONE *et al.*, defendants in error.

1. The death of the principal in a recognizance to appear and answer a criminal prosecution, occurring after the forfeiture of the recognizance, but before judgment thereon, exonerates the securities.

*Scire facias* on forfeited recognizance, in Clay Superior Court, and decision thereon by Judge PERKINS, at September Term, 1860.

The question presented by the record in this case arises out of the state of·facts following, to-wit:

At the March Term, 1857, of Clay Superior Court, a bill of indictment, for the crime of perjury, was found and filed against Benjamin Cone. Being arrested under a bench warrant, Cone entered into a recognizance to appear and answer said offence, William Sutton, Lewis Paulin and B. F. Burnett entering themselves as his sureties.

At March Term, 1860, the defendant failing to appear, the recognizance was forfeited in due form, and *scire facias* issued and was served upon Cone and his sureties. At September Term, 1860, the sureties appeared and showed for cause why judgment should not be had against them on said recognizance, that their principal, Benjamin Cone, had died since the forfeiture of said recognizance.

Upon this showing the Court discharged and exonerated the sureties from all liability, except the costs of said *scire facias*, and F. D. Bailey, Solicitor General, excepted, and complains of the decision as error.

F. D. BAILEY, Solicitor General, for plaintiff in error.

PETER J. STROZIER, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

The sole question presented in this record is, does the death of the principal in a recognizance to appear and answer a criminal prosecution, occurring after the forfeiture of the recognizance, but before judgment thereon, exonerate the security?

It is conceded, that if the security, bring in his principal alive, and surrender him before judgment, he is exonerated. Then, suppose he bring in the dead body of his principal, at like time, shall he be held liable because life is extinct? He undertook only to bring in the body—he did not insure the life of his principal.

He undertook to be the jailor of the accused—to keep him safely so long as he shall live, is in contemplation of law, within his power; but to keep him alive for a given time, is what the security cannot certainly do. If he live the appointed time, it is not the security who hath preserved his life. If he die before the time expires, it is not the security who hath caused his death. It is the act of Him with whom are the issues of life and death. "*Actus Dei, nimini fact injuriam.*" We hold, as did the Court below, that the plea to the *scire facias* is good.

Let the judgment be affirmed.