WILLIAM GAUNTLEY, Respondent, *v.* ELIJAH WHEELER, JR. and CORNELIUS BROWN, Appellants.

(GENERAL TERM, SIXTH DISTRICT, MAY, 1869.)

The death of a defendant in the principal action sixty-six days after service of the summons on his bail in an action to charge them, is no defence to the latter action.

Whether the court on special motion could, or should exonerate the bail, *ex gratia*, in such case, *quere*. But the claim to be exonerated is not pleadable in bar of the action.

The twenty days to appear or serve an answer under the Code is a substitute for the return of the process mentioned in section 34, 2 R. S., p. 383. And it seems the latter section is not repealed by section 191 of the Code.

The service of the answer after the twenty days given by the Code, does not fix the time within which defendants sued as bail may be exonerated by the death of their principal.

The plaintiff recovered a judgment against the defendants upon the report of a referee for $1,266.77 damages, besides costs; which judgment was entered and docketed in the office of the clerk of Cortland county the twenty-second day of February, 1869.

The defendants filed exceptions to the report of the referee, which were annexed to the judgment roll. No case was made containing any of the evidence or proceeding on the trial. The defendants appealed from the judgment to the General Term of this court. The return to the appeal consists of the judgment roll, the exceptions to the report of the referee, and the notice of appeal, and nothing else. The report of the referee is in the judgment roll; but the exceptions to the report and the notice of appeal are annexed to the judgment roll.

*Waters & Waters*, for the plaintiff, cited *Hunt* v. *Bloomer* (3 Kernan, 341); 12 How., 567; *Johnson* v. *Whitlock* (3 Kernan, 344); 12 How., 571; Code, § 187; 25 N. Y., Reps., 257; *Glyer* v. *Yates* (2 Strange, 517); *Richardson* v. *Groston* (6 Tenn., 284); *Olcott* v. *Lilly* (4 Johns., 407); *Davidson* v. *Taylor* (12 Wheaton, 604); *Hayes* v. *Berryman* (21 How., 144); 12 Abb., 179; *Baker* v. *Curtis* (10 id., 280); Thompson on Provisional Remedies, 111, 112; Cray's N. Y. Pr., 2d ed., vol. 1, pp. 87, 88; 13 Abb., 103; *White* v. *Blake* (22 Wend., 612); 1 Hall, 42; Code, §§ 188, 189.

*Ballard & Warren*, for the defendants, cited Code, § 191; *Hayes* v. *Carrington* (12 Abb., 179); S. C., 21 How., 143; 2 R. S., 383, § 34; Code, §§ 143, 149.

Present—BALCOM, BOARDMAN and PARKER, JJ.

By the Court—BALCOM, P. J. It appears by the report of the referee that the defendants became bail for William Carroll in the sum of $1,000 in an action brought in this court against him and Jeremiah Carroll by the plaintiff for an assault and battery. That the plaintiff recovered a judg-

Gauntley *v.* Wheeler, Jr.

ment in that action against William and Jeremiah Carroll for $1,000 damages, besides costs, on the seventeenth day of January, 1865. That an execution on that judgment against the property of William and Jeremiah Carroll was returned unsatisfied on the thirtieth day of January, 1865. That an execution against the person of William Carroll was issued on such judgment on the fifteenth day of February, 1865, which last mentioned execution was returned by the proper sheriff on the fourteenth day of April, 1865, with his return thereon indorsed that William Carroll could not be found in his country. That this action was commenced by the service of a summons on the defendants on the twenty-seventh day of April, 1865. That on the twelfth day of May in that year the defendants demurred to the complaint in this action. That on the fourteenth day of May, 1866, judgment was ordered for the defendants upon such demurrer with liberty to the plaintiff to amend his complaint on payment of costs. That on the second day of June, 1866, the plaintiff served an amended complaint on the defendants' attorneys, and paid the costs according to said order. That the defendants answered the amended complaint on the third day of July, 1866. That William Carroll left this country after he was sued by the plaintiff, and died in London, England, on the second day of July, 1865. That the defendants made a motion on affidavits at a Special Term of this court, on the first day of December, 1868, for an order exonerating them as bail for William Carroll, on the ground that he had died; which motion was opposed upon affidavits in behalf of the plaintiff, and it was denied by the court. That the defendants appealed from the order denying such motion to the General Term of this court, which appeal is still pending.

The referee found as matter of law that the plaintiff was entitled to recover in this action $1,266.67, besides costs; that that sum was due from the defendants to the plaintiff in this action besides costs.

The defendants filed a separate exception to each of the legal conclusions of the referee.

After judgment was entered in the action in conformity with the report of the referee, the defendants appealed from the judgment to the General Term of this court.

Seventy-nine days elapsed after the execution against the body of William Carroll was returned before he died ; and his death occurred sixty-six days after the summons in this action was served on the defendants.

It is provided in the Revised Statutes " when the defendant in a suit shall die after the return of the execution against his body, and before the expiration of eight days from the return of the process served on his bail, the court shall relieve such bail on the same terms as if they had surrendered their principal at the time of his death." (2 R. S., 383, § 34.)

It is also provided by the Code, that " the bail may be exonerated, either by the death of the defendant or his imprisonment in a State prison, or by his legal discharge from the obligation to render himself amenable to the process, or by his surrender to the sheriff of the county where he was arrested, in execution thereof, within twenty days after the commencement of the action against the bail, or within such further time as may be granted by the court." (§ 191.)

The undertaking of the defendants, according to the finding of the referee, was that William Carroll should, at all times, render himself amenable to the process of the court during the pendency of the action against him, and to such as might be issued to enforce the judgment therein.

It was held at Special Term of the New York City Superior Court, in *Hayes* v. *Carrington* (12 Abb., 179 ; S. C., 21 How. Pr. Reps., 143), that the section of the Revised Statutes above quoted is not repealed by section 191 of the Code.

The death of William Carroll is alleged in the answer as a defence to the action. But, as has already been seen, he did not die until sixty-six days after this action was commenced. The defendants' counsel, however, contends that inasmuch as he died before the plaintiff's attorney served a valid complaint in the action, the defendants are exonerated from lia-

bility as his bail in the action against him.   But, according
to the decision in *Hayes* v. *Carrington, supra,* the liability
of the defendants, as bail for Carroll, become fixed at the
expiration of twenty days from the time the summons in this
action was served on them.   (See *Baker* v. *Curtis,* 10 Abb.,
279.)

Whether the court, in its discretion, upon a motion made
by the defendants, could or should exonerate them as bail for
Carroll, is a question we need not consider.   For it is clear,
upon authority, that their claim, to be exonerated as such bail,
was not pleadable in bar of this action.   (See *Davidson* v.
*Taylor,* 12 Wheat., 604 ; *Patten* v. *Steward,* 1 Hall, 38.)

According to the foregoing views, the defendants were not
exonerated as bail for Carroll by his death seventy-nine days
after the return of the execution against his body, and sixty-
six days after the summons in this action was personally served
on them.

My conclusion is, that no defence was established to this
action, and that the judgment against the defendants in it
should be affirmed, with costs.

If I am right in this conclusion, it is unnecessary to consider
the point made by the plaintiff's counsel, that the exceptions
to the report of the referee are not properly before the court,
because no case was made and settled containing a history of
the trial, the findings of the referee, and the defendants' excep-
tions thereto.   And we will not express any opinion upon this
point.

Judgment affirmed, with costs.