## Henry Keyes, for use, etc., v. F. B. Bennett, Administrator.

### Gen. No. 4,497.

1. PRINCIPAL AND BAIL—*when relation of, ceases.* When the right of the bail to arrest the principal ceases before the liability of the bail has become fixed, the relation of principal and bail is terminated, for the right of the bail to the custody of the principal, and to arrest the principal at will, is an inseparable incident to that relation.

2. BAIL BOND—*when discharged.* The discharge in bankruptcy of the principal in a bail bond given by him in a civil action before the liability of the bail became fixed, is a discharge of the bond.

Action of debt. Appeal from the Circuit Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

S. A. FRENCH, V. S. LUMLEY and D. B. SHERWOOD, for appellant.

C. H. WAYNE and C. P. BARNES, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action of debt brought by Henry Keyes, sheriff of McHenry county, for the use of Louise Calbow, against Henry Henk, Sr., upon a bail bond given in a certain action brought by Louise Calbow against C. Dudley Chew-

ning, to release said Chewning from arrest under a *capias ad respondendum* issued in said case. The declaration was in the usual form, and averred the recovery of judgment by Louise Calbow against Chewning, the issue of a writ of *capias ad satisfaciendum* and its return *non est inventus.* The breaches assigned were that Henk, who was one of the sureties on said bail bond, did not pay said judgment nor surrender the body of Chewning in execution. By his fourth plea defendant averred the giving of said bond by Chewning as principal, and by defendant and others as sureties, to release Chewning from imprisonment on a *capias ad respondendum;* the acceptance of said bond by the sheriff and the release of Chewning from imprisonment under said *capias* by reason of said bond; that said action was assumpsit for an alleged breach of promise to marry; that Louise Calbow obtained a judgment in said case against Chewning for $2,500 on November 23, 1900, and that no appeal was ever prosecuted from said judgment; that on November 24, 1900, Chewning filed in the United States District Court a petition in bankruptcy pursuant to the bankruptcy law then in force, and listed said judgment in favor of Louise Calbow as one of his liabilities; that on December 2, 1901, Chewning was by said District Court duly discharged from all claims provable in said court which existed against said Chewning on November 24, 1900; that said judgment in favor of Louise Calbow was one of the debts from which Chewning was discharged by said discharge in bankruptcy, and that by said discharge he was released from satisfying such judgment by the payment of money or by surrendering his body to be imprisoned by virtue of the *capias ad satisfaciendum* mentioned in the declaration; and that by reason of the premises said Henk was released from surrendering the body of said Chewning in accordance with the condition of said bond, and was released from performing any of the conditions mentioned in such writing obligatory, and that said judgment by reason of the premises has become released and discharged. Plaintiff filed a replication to said fourth plea, and afterwards

filed an additional replication. The first replication set up that after the recovery of said judgment Louise Calbow sued out a *capias ad satisfaciendum* against Chewning, which was returned *non est inventus*, and that on September 12, 1902, plaintiff sued out a summons against defendant Henk in this action, the return day of which was September 22, 1902, which summons was duly served on defendant Henk on September 12th, and that at no time after the judgment was so entered in favor of Louise Calbow against Chewning, did said Chewning surrender himself, nor did said defendant, as the bail of Chewning, surrender said Chewning after the entry of said judgment or at any time before the return day of the process so sued out against said defendant, nor did defendant at any time after the issuance of said *capias ad satisfaciendum* against said Chew-. ning, nor at any time after the issue of process against said Henk and before the return day thereof, appear in court and petition the court for an *exoneretur* against him, the said defendant Henk, by reason of the discharge in bankruptcy of said Chewning, as in said fourth plea mentioned. The Circuit Court sustained demurrers to this replication and to the additional replication. Plaintiff elected to abide by the replications. Henk died and his administrator was substituted as defendant. Defendant had judgment and plaintiff prosecutes this appeal therefrom. It is conceded that the demurrer was properly sustained to the additional replication, and its purport is not, therefore, here stated.

The first replication does not deny the allegation of the fourth plea that said judgment obtained by Louise Calbow against Chewning was one which was provable in bankruptcy against said Chewning, and from the legal effect of which he was relieved by his discharge in bankruptcy. This is also practically conceded by the argument for appellant. The sole claim of appellant here is, that the bail was bound either to surrender his principal, or to suggest his discharge in bankruptcy and obtain an *exoneretur*, before the return day of the summons in the suit against the bail, and that as he failed to do either before such return day the liability

of the bail became fixed. When the bail bond in this case was executed and accepted, Chewning became the prisoner of Henk. Henk was entitled to keep Chewning in his custody, or to terminate the liability of the bail bond by surrendering Chewning to the sheriff. When Chewning was discharged in bankruptcy he was no longer liable under the judgment. He had been discharged therefrom. Henk could not, thereafter, hold Chewning in custody, nor could he thereafter seize Chewning without becoming a trespasser. When the right of the bail to arrest the principal ceases before the liability of the bail has become fixed, the relation of principal and bail ceases, for the right of the bail to the custody of the principal and to arrest the principal at will is an inseparable incident to that relation. The discharge of the principal in bankruptcy before the liability of the bail became fixed was, therefore, a discharge of the bail bond, for the law will not subject the surety to a penalty for not doing that which the law has made it illegal for him to do. Henk entered into this undertaking upon the faith of the security afforded him by the right to arrest and surrender his principal. When the law deprived him of his security it discharged him from his obligation. From December 2, 1901, when Chewning was discharged in bankruptcy, to September 22, 1902, the return day of the summons in this suit against the bail, there was no time when Henk could have arrested and surrendered his principal. If he had unlawfully done so it would have been an idle act, for the principal would have been entitled to an immediate discharge. These views are set forth and approved in The People, for use, etc. v. Hathaway, 206 Ill. 42, and in numerous other cases. Appellant has sought to distinguish the cases cited by appellee by the consideration that some of them are criminal cases and in others the rule as to the time when the liability of the bail becomes fixed differs from that prevailing in this State. Notwithstanding any such differences, the cases referred to are in point upon the general principle.

Mather v. The People, 12 Ill. 9, was a proceeding

against bail in a criminal case, and the defense interposed was the death of the principal. It was there said by the court, by way of argument and illustration, that at the common law, if the principal obtained a certificate in bankruptcy between the return of the *capias ad satisfaciendum* and the time allowed for his surrender, the surety was entitled to his discharge.

White v. Blake, 22 Wend. 612, was a case of special bail in a civil suit, and during the time allowed for the surrender of the principal the statute was changed. It was there held that where the principal has been discharged under an insolvent act before the period allowed for surrender has expired, the bail is entitled to release; that the discharge is equivalent to a surrender; that the same rule should be applied where the right to imprison the principal has been taken away by the legislature, and that there could be no use in surrendering the principal when he would be entitled to an immediate discharge. In Payson v. Payson, 1 Mass. 283, where certain ships had been attached in an action of assumpsit, it was said *arguendo*, that when a defendant becomes a bankrupt and obtains a certificate, his bail is discharged if not fixed previous to the certificate, and that the attachment in that case was similar to taking bail. In Champion v. Noyes, 2 Mass. 481, to *scire facias* on a bail bond defendant pleaded in bar that after the execution of the bond the principal became a bankrupt and was discharged; that the plaintiff's demand against the principal was due before the act of bankruptcy was committed, and that it could have been and should have been proved in the bankruptcy court. The court held this a good plea, saying that the principal was discharged from the judgment, and if he were now in execution it would be the duty of the court to discharge him from imprisonment upon his producing the certificate, and that the bail, not being absolutely liable to the plaintiff for the debt, ought, therefore, to be discharged without surrendering the principal; that the plaintiff having no longer any remedy against the principal, it would be unreasonable to permit him to proceed

and make the bail absolutely holden to satisfy his judgment, which is now legally discharged; that whenever a surrender of the principal is necessary it is for the benefit of the plaintiff that by charging defendant in execution he may hold his body as a pledge for his debt; that if the principal in that case were surrendered the court could not commit him, or if committed he would the next moment be entitled to his discharge; that to surrender him under those circumstances would be expensive to the bail, oppressive to the principal and useless to the plaintiff, and that, therefore, a surrender cannot be necessary, as where the bail are discharged without surrendering the principal no costs are given to the plaintiff on the *scire facias*. In Beers v. Haughton, 9 Peters, 329, there had been an action of assumpsit wherein special bail was given, and there was a judgment for the plaintiff, and a writ of *capias ad satisfaciendum*, and a return thereon that the defendant was not found, and an action of debt was then begun upon the bail bond. Defendant in that suit pleaded the discharge of his principal from imprisonment for his debts under a certain insolvent law of the State wherein the suit was pending. Defendant had judgment on a demurrer to the plea. It was there held that where the bail are entitled to be discharged as a matter of legal right, they may not only apply for an *exoneretur* by way of a summary proceeding, but may plead the matter as a bar to a suit. The court there held that the plea was a good bar to the suit notwithstanding there had been no surrender, and that by law the principal could not upon such surrender have been imprisoned at all.

In view of the principles above stated, which we think confirmed by many other cases, we hold that although the bail has a right to obtain an *exoneretur* and thereby discharge himself of record from liability under the recognizance without waiting to be sued thereon, as allowed by section 24 of chapter 16 of the Revised Statutes, concerning bail in civil cases, yet it is the discharge in bankruptcy of the principal, before the termination of the right of the bail

to surrender him, which discharges the bail, and not the obtaining of an *exoneretur* either before such return day or before judgment against the bail, and therefore the bail may plead the discharge in bankruptcy in bar without obtaining an *exoneretur*. As said in People v. Hathaway, *supra*, where the condition of the bond is possible at the time of the making of the condition, but before it can be performed the condition becomes impossible by the act of God or the law, there the obligation is saved. The court below properly sustained the demurrer to the first replication to the fourth plea, and properly entered judgment against plaintiff after he elected to abide by said replication. The judgment is therefore affirmed.

*Affirmed.*