STATE OF MAINE *vs*. ROCCO LEO.

Penobscot.     Opinion January 15, 1930.

*George F. Eaton,*
*Albert G. Averill,* County Attorney, for State.
*Arthur L. Thayer,* for respondent.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

STURGIS, J.    Action of *scire facias* against a surety to recover the penalty of a forfeited recognizance. The case comes forward on exceptions.

The bill discloses that one John Ambrosia, convicted of a violation of the Maine Liquor Law before the Municipal Court of Millinocket, took his appeal to the next term of the Superior Court to be holden in Penobscot County. The defendant was a surety on the respondent's recognizance.

At the term to which the appeal was taken, the principal failed to appear and both he and his sureties were called and duly defaulted. On March 15, 1928, this writ of *scire facias* was issued, returnable at the May Term following, and in order for trial at the next September Term. June 24, 1928, the respondent, John Ambrosia, was killed in an automobile accident.

The first exception is to the denial of the defendant's motion to dismiss the action of *scire facias* because of the principal's death. Proof of that fact lies only in the certificate filed with the motion and was not apparent on the face of the writ. This court has repeatedly held that a motion to dismiss lies only to a defect apparent on inspection of the writ and can not be sustained where

proof dehors the writ is necessary to support or resist it. *Richardson* v. *Wood*, 113 Me., 328; *Hubbard* v. *Limerick W. & E. Co.*, 109 Me., 248; *Hunter* v. *Heath*, 76 Me., 219. Regardless of the reason assigned by the trial Judge for the dismissal of this motion, his ruling was correct and is not exceptionable.

The defendant, however, included the same defense in a special plea in bar, demurrer to which by the State was sustained and final judgment rendered for the full penalty of the bond. The defendant's remaining exception is to this ruling.

The defendant relies on the rule in force in some states that where the performance of the conditions of a criminal recognizance is rendered impossible by an act of God, such as the death of the principal, this excuses the sureties from the obligation of their undertaking. 3 R. C. L., 55; 18 American Decisions, 451, note; 99 American Decisions, 216, note. We think, however, that this rule does not apply in Maine.

This action originated in the Superior Court for Penobscot County. Its jurisdiction over actions of *scire facias* is conferred by Chap. 9, P. L., 1919. Its authority to remit the penalty or discharge the sureties in an action of *scire facias* on a forfeited criminal recognizance is not inherent. It is conferred and measured by R. S., Chap. 135, Sec. 24, which reads:

"When the penalty of a recognizance in a criminal case is forfeited, on *scire facias* against principal, sureties or witnesses, the court, on application of any defendant, if satisfied that the default of the principal was without the consent or connivance of the bail, may remit all or any part of the penalty; or the sureties may surrender the principal in court at any time before final judgment on *scire facias*, and may, on application therefor, be discharged by paying costs of suit, provided, that the court is satisfied as aforesaid."

Section 24 does not, however, apply to recognizance taken in liquor cases. By Sec. 25, Chap. 135, R. S., it is expressly provided that Section 24, preceding, shall not apply to recognizances taken under the last thirty-eight sections of Chap. 127, R. S., which, as amended, is the present Maine liquor law. And by Sec. 43 of Chap. 127 itself, this prohibition against relief in liquor cases is made more explicit and comprehensive. That Section reads in part:

"No portion of the penalty of any recognizance taken under so much of this chapter as relates to intoxicating liquors shall be remitted by any court in any suit thereon, nor shall a surety in any such recognizance be discharged from his liability therein by a surrender of his principal in court after he has been defaulted upon his recognizance unless the principal has been actually sentenced upon the indictment or complaint on which the recognizance was taken."

The recognizance taken from the respondent and his sureties in the case at bar was upon an appeal from a conviction under Sec. 20, Chap. 127, R. S., as amended by Sec. 1, Chap. 167, P. L., 1923, prohibiting the transportation of intoxicating liquors within this state without a federal permit and providing a penalty therefor. Section 20 is to be construed as if it originally contained the amendment. *State* v. *Goddard*, 69 Me., 181 ; *Byron* v. *Co. Comm'rs*, 57 Me., 340. The recognizance here sued on is within the prohibitions of Sec. 25, Chap. 135, and Sec. 43, Chap. 127, of the Revised Statutes.

Such is the jurisdiction and power of the Court in the case at bar. It has no inherent power to remit the penalty of the bond or discharge the surety as in *State* v. *McNeal*, 18 N. J. L., 333, or in *People* v. *Wissig*, 7 Daly (N. Y.), 23. The defendant could neither, as of right nor by indulgence, surrender his principal alive after forfeiture of his recognizance and be discharged as in *State* v. *Cone*, 32 Ga., 663, or in *Mather* v. *People*, 12 Ill., 9. All the cases cited by the defendant in support of the application of the rule of *vis major* or act of God rest on judicial power which is here lacking, or upon reasoning from premises which the statutes exclude. They can not control in this jurisdiction.

Under the law here, upon the default of a recognizance taken in a liquor case under the designated sections of Chap. 127, R. S., the liability of the surety is fully and finally fixed, and a surrender of the body of the principal thereafter, alive or dead, will not authorize any exoneration of the surety. Death can not excuse that which life will not permit.

The entry must be,

*Exceptions overruled.*