## STATE v. HENRY TRAPHAGEN.

Where the bail on recognizance in a criminal case could not reasonably anticipate and prevent a default, and with proper diligence find and surrender his principal after default, before death intervened to prevent it, a proper case is made for the court, in its discretion, to relieve the surety, on petition.

In *scire facias* on recognizance.

Cornelius Sullivan was arrested on complaint for an assault and battery, and gave a recognizance, with Henry Traphagen as surety, to appear and answer. An indictment was found, Sullivan did not appear, the recognizance was forfeited, estreated, certified to this court, and *scire facias* awarded against the recognizor to show cause why the recognizance should not be forfeited, judgment entered and execution issued thereon. A petition was filed by the bail for relief, with affidavits showing that on the day for appearance Sullivan fled ; that he could not be found until after the recognizance was forfeited, and died in Massachusetts before the bail could take him, and while he was preparing to make such arrest.

Argued at November Term, 1882, before Justices SCUDDER and MAGIE.

For the state, *A. T. McGill, Jr.*

For the defendant, *H. Traphagen.*

The opinion of the court was delivered by

SCUDDER, J.   The facts set forth in the petition and affidavits could not be pleaded in defence to the *scire facias*, for the death of the principal did not occur until after the forfeiture of the recognizance, when the bail became fixed.   *State* v. *Crane*, 2 *Harr.* 191 ; *State* v. *McNeal*, 3 *Harr.* 333 ; *People* v. *Manning*, 8 *Cow.* 297 ; *People* v. *Bartlett*, 3 *Hill* 570.

The remedy after forfeiture is by petition to the court for relief, in the form of the present application.   It is within the powers of this court, incidental to its general jurisdiction in criminal causes, to grant relief to bail where the default was caused by the sickness or death of the accused before forfeiture, and where the death of the principal occurs after forfeiture, when the bail is fixed.   It is, in either case, an appeal to the discretion of the court, which will be exercised where justice to the bail demands it, and public justice and policy do not prohibit it.

As the prisoner in this case came into court voluntarily, to plead at the time appointed for his appearance, his surety had no warning to prepare for a default and sudden escape at that time.   It appears, further, that the accused left the state and could not be found by his bail, who made full search and inquiry for him, until just before his death, which occurred so soon that an arrest could not be made with proper diligence. The effort of the surety to secure the appearance, and thereby further the purpose of the law, was frustrated by the act of God.   This should excuse the bail and stop this action against him.   Where the performance of the condition of the recognizance is rendered impossible by the act of God, by the law the obligee, or the conusee, a default is excused.   Where the bail could not reasonably anticipate and prevent the default, and with proper diligence find and surrender his principal, after default, before death intervened to prevent it, a proper case is made for this court to relieve the surety on petition.

Let the petitioner be discharged from his recognizance, and the proceedings on *scire facias* stayed, on payment of costs.