JOHN J. ATKINSON v. ISAAC PRINE, GEORGE M. WARD AND BRADLEY REDFIELD, IMPLEADED, &c.

1. Where a defendant who has been arrested under a *capias ad respondendum* in a civil suit, and has given bail to the sheriff, is afterwards, and before the return-day of the process, arrested on a criminal charge, and is afterwards indicted and convicted and sentenced to the state prison, the bail to the sheriff may obtain an exoneration of their liability on the bail-bond by first filing special bail and then surrendering the principal by means of a *habeas corpus*, while the principal is in jail under commitment upon the criminal charge, or by motion after he is put under sentence.

2. Bail to the sheriff, who have been misled by proceedings in court for their exoneration irregularly taken without special bail being filed,

and the principal being brought into court by *habeas corpus* for the purpose of a surrender, may obtain relief, by an application to the court, under section 94 of the Practice act, which empowers the court, by a rule of court, to give such relief to the plaintiff and defendant in the original action, and to the bail upon the bail-bond, as is agreeable to justice and reason. *Rev.*, *p.* 863.

3. A writ of error will lie upon an order of the court made in a cause setting aside proceedings against bail and exonerating them from liability on the bail-bond.

On error to Camden Circuit Court.

The defendants above named became sureties on a bail-bond given to the sheriff of Camden county by one Horace Hammill, who had been arrested upon a *capias ad respondendum* issued out of the Camden Circuit Court, at the suit of Atkinson, in an action of *assumpsit*.

Hammill did not appear, according to the condition of the bail-bond, by putting in special bail.

Atkinson took an assignment of the bail-bond and brought suit upon it.

On application of the defendants in error as sureties on the bond, the Circuit Court, on the 5th of October, 1882, made an order setting aside the proceedings on the bail-bond, and ordering the bail-bond to be cancelled.

This writ of error brings up for review the order last mentioned.

Argued at November Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff in error, *H. M. Cooper*.

For the defendants in error, *H. A. Drake*.

The opinion of the court was delivered by

DEPUE, J. The jurisdiction of the court to make such an order as that under review is given by section 94 of the Practice act, which provides that if special bail be not put in and perfected in

due time, the plaintiff, after an assignment of the bail-bond, may bring an action upon the bond in his own name, and that the court in which the action is brought may, by rule of court, give such relief to the plaintiff and defendant in the original action, and to the bail upon the bail-bond, as is agreeable to justice and reason ; and such rule shall have the nature and effect of a defeasance of such bail-bond. *Rev., p.* 863. This section is substantially a re-enactment of 4 and 5 *Anne, c.* 16, § 20. It gave to the plaintiff in this action the right to take an assignment of the bail-bond, and to sue on it, and made the right available to him on the condition that the bail-bond and the suit upon it should be subject to the control of the court upon equitable grounds. Inasmuch as the grounds for equitable relief generally relate to the proceedings in the action in which the bail-bond was given, it became the settled law that the plaintiff could sue on the bond only in the same court in which the original suit was pending, unless some special circumstances warranted a departure from the rule. *Florence* v. *Shumar,* 5 *Vroom* 455.

The *capias* in the original suit was issued December 22d, 1881, and was returnable on the second Tuesday in January, 1882. Hammill was arrested and was released from arrest on giving a bail-bond executed by Albert Merritt, dated December 27th, 1881 ; and on the same day the sheriff returned the writ that he had taken a bail-bond with the name of Merritt as bail, pursuant to section 51 and section 52 of the Practice act. *Rev., p.* 856. In some way Hammill got into the custody of the sheriff again on the 31st of December, 1881, and Merritt was released from his liability as surety on the bail-bond—probably by a voluntary surrender accepted by the sheriff in discharge of Merritt as bail. *Florence* v. *Shumar, supra; Dalbey* v. *Lowenstein,* 5 *Vroom* 465. On the 2d of January, 1882, Hammill was again released from custody, the sheriff having accepted a new bail-bond executed by Prine, Ward and Redfield, the defendants, dated January 2d, 1882. Another return was then endorsed on the writ that a bail-

bond had been taken, with the names of Prine, Ward and Redfield as bail.

The endorsement on the writ returning Merritt as bail and that returning the defendants as bail are in the handwriting of the sheriff, but were not signed by him. In this proceeding they must be taken to be severally returns by the sheriff to the writ. The latter endorsement was manifestly made on or before January 3d, 1882, for on that day the bail-bond executed by the defendants was filed by the sheriff. These returns were made before the return-day of the writ. The other endorsement—" C. C. C."—which appears on the writ, must, as a legal return to the writ, be disregarded, for it is plain that it was made after the return-day of the writ, and upon facts occurring after that time.

It must be assumed, I think, upon the facts appearing before the court, that the bail-bond executed by the defendants was a valid and legal bond. If they are entitled to the relief they obtained in the court below, they became entitled to it in virtue of things occurring after the 3d of January, 1882.

The return-day of the writ came on the 10th of January, 1882. The defendants, as bail to the sheriff, had that day and the next day within which to put in special bail in exoneration of their liability on the bail-bond. *Rev., p.* 860, § 72.

On the 4th of January, 1882, Hammill was committed to the custody of the sheriff as jailer, on a criminal charge of forgery. He was afterwards indicted for the forgery and convicted before the Court of Oyer and Terminer of Camden county and sentenced to imprisonment in the state prison for a term of ten years. From the time of his commitment to jail on the criminal charge, on the 4th of January, until the 15th of March, 1882, when he was taken to the state prison, Hammill remained in jail in the custody of the sheriff as jailer. The defendants might have put in special bail in discharge of their liability on the bail-bond, and then have obtained an exoneration of their liability as special bail by surrendering the principal by means of a writ of *habeas corpus,*

so long as he remained in jail under commitment on the criminal charge, or by motion after he was put under sentence. *Way* v. *Wright*, 5 *Metc.* 380, 385; *Steelman* v. *Mattix*, 9 *Vroom* 247, 251.

The affidavits show that on the 11th of January, the day within which special bail might have been regularly put in, the defendants attended court to do whatever might be required of them in order to fulfil the condition of the bailbond; that the counsel of Hammill stated to the court, in open court, that the defendants were in court desiring to be released from the bail-bond by the render of Hammill into custody; that in his (the counsel's) opinion it was not necessary or advisable that the said Hammill should be brought into court by the sheriff, in whose custody he then was, in order that the bail might render him to the sheriff in discharge of bail. The court thereupon, on motion of the attorney of Hammill, made an order reciting that the defendant was in the custody of the sheriff, and ordering the sheriff to return the writ " C. C. C.," which by statute means that the sheriff had taken and had the defendant's body in custody. *Rev.*, *p.* 856, § 51. This order was entered in the minutes January 11th, 1882; and it is manifest that the sheriff, in obedience to it, endorsed the return of " C. C. C." on the writ as an official acknowledgment that he had the defendant in his custody under the writ. The defendants were in court when these proceedings took place, and the court below very properly said that their conduct was characterized by good faith, and that the testimony showed that, if they had not been informed of their release by the return of the sheriff and the order of the court, they would have had special bail put in and gone through the formality of a surrender. The bail, without any fault on their part, were misled by these proceedings.

The order of January 11th, 1882, was irregular. The plaintiff might have applied to the court to set it aside. If such an application had been made, the defendants would have been in the position to obtain, by formal proceedings, the relief they ought to have had and which they thought they had

obtained by the proceedings of the 11th of January. Instead of adopting that course, the plaintiff, on the 14th of January, took an assignment of the bail-bond, and on the 30th of March brought suit on it.

I agree with the court below that under the circumstances it would be most inequitable to hold the defendants on the bail-bond. The facts make out a strong claim on the part of the defendants to relief such as the court is empowered to afford for the relief of bail.

The application in the court below was heard irregularly on *ex parte* affidavits served, instead of depositions taken on notice. *Baldwin* v. *Flagg*, 14 *Vroom* 495. But this irregularity has been waived by the parties in acquiescing in the mode adopted for presenting the case.

The question whether a writ of error will lie upon such an order is raised.

It is now settled that the rule that error will lie only upon proceedings which are according to the course of the common law has been abrogated in this state. If the decision of the inferior court be in the nature of a final judgment, and is in a matter not resting in the discretion of the court, error will lie. *Eames* v. *Stiles*, 2 *Vroom* 490 ; *Adams* v. *Disston*, 15 *Id.* 662. The order in question is one that the court is empowered to make in a cause. It is a final order operating as a judgment which will finally determine the rights of the parties. It is not an order which the court might or might not make as an act of grace or discretion. The court, upon such an application being made to it, is called upon to decide the legal right of the bail to relief, on principles which shall be agreeable to justice and reason, and not as an act of grace or discretion. From such a decision error will lie.

The order should be affirmed, with costs.