## ANNIE LOEWENTHAL v. EMIL WAGNER.

Argued February 24, 1902—Decided June 9, 1902.

1. The return made by a sheriff upon a *capias* is conclusive upon him, and also, in the cause, upon the parties, except on an application to amend it or set it aside.
2. The sheriff having returned upon a *capias* that he had the defendant in custody, the plaintiff has no interest in money said to have been deposited with the sheriff on his releasing the defendant.

In tort.

Before Justices DIXON and COLLINS.

For the plaintiff, *Weller & Lichtenstein.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

DIXON, J.   The defendant has a rule requiring the plaintiff to show cause why the sheriff of Hudson county should not repay to Joseph Stein $1,000 deposited by Stein with the sheriff as security, when the latter, as is alleged, released the defendant, whom he had arrested on a *capias* issued at the suit of the plaintiff.

The sheriff's return to the *capias* was that he had the defendant in custody, and this return remains unaltered on the files of the court.   Except upon a direct attack to set it aside or amend it, the return is conclusive against the sheriff (*Hustick* v. *Allen, Coxe* 168; *Browning* v. *Flanagin,* 2 *Zab.* 567, 574; 22 *Am. & Eng. Encyl. L.* 192), and, in this suit, upon the parties also.   *Chapman* v. *Cumming,* 2 *Harr.* 11; *Browning* v. *Flanagin, ubi supra;* 22 *Am. & Eng. Encycl. L.* 193. In the face of it, we do not see that the plaintiff has any interest in the money, for according to that return she has the body of the defendant to answer her claim, and she can

lawfully demand nothing more. The question relating to the disposition of the money is one that concerns only the defendant or his surety and the sheriff. On a rule against the plaintiff alone, we can make no order respecting it, and therefore this rule must be discharged as futile.

The defendant also moves to *non pros.* the plaintiff, because she did not file a declaration, nor rule the sheriff to bring in the body of the defendant so that the cause might proceed. But according to the return on the *capias* no rule to bring in the body was necessary, and the plaintiff filed her declaration within thirty days after the defendant was returned in custody, as the statute requires.

This motion must be denied. The plaintiff is entitled to costs.