### ANNIE LOEWENTHAL v. EMIL WAGNER.

Submitted December 10, 1902—Decided February 24, 1903.

Under the peculiar circumstances of this case, the bail to the sheriff should be discharged and money deposited with the sheriff as additional security should be returned to the bail, without formal surrender of the defendant.

On contract. On rule to show cause why the bail should not be allowed to surrender defendant or should be discharged.

Before Justices DIXON and HENDRICKSON.

For the plaintiff, *Weller & Lichtenstein.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

DIXON, J. Since the decision in this cause appearing in 39 *Vroom* 214, the sheriff has been permitted to amend his return on the *capias,* so that it now reads: "I took the body of the defendant named in this writ and released him on bail: the name of the bail is Joseph Stein. As additional security to the bail bond I required said Stein to deposit with me the sum of one thousand dollars."

On the petition of the bail, Joseph Stein, a rule has been allowed requiring the plaintiff and the sheriff to show cause why the bail should not be allowed to surrender the defendant, or should not be discharged, and have the deposit of $1,000 returned to him, without physical surrender of the defendant.

The material circumstances are: that in July, 1901, within thirty days after the defendant was returned in custody, the plaintiff filed her declaration, to which no plea has been filed; that when the sheriff made return that the defendant was in custody the defendant had been actually released on the security set out in the return as now amended; that in September, 1901, the defendant was again arrested on a *capias* issued at the suit of the same plaintiff for a different cause of action, and was detained in custody under that writ until February 27th, 1902, when he was sent to the state prison for a term of three years upon a conviction for attempting to break jail and is still in prison.

These circumstances show that the plaintiff lost nothing by the failure of the defendant and the bail below to put in and perfect special bail. Her declaration having been regularly filed according to the return then appearing upon the *capias* (*Practice Act,* § 103), she could have entered judgment against the defendant at the expiration of sixty days after the return. Before the time came for entering such judgment the defendant was in the actual custody of the sheriff at her own suit, and a *capias ad satisfaciendum* upon such a judgment, lodged with the sheriff, would have afforded her all the redress to which she was legally entitled. The consequences of her failure to exercise her rights in the suit cannot be charged on the defendant or his bail, and the fact that the defendant cannot now be taken in execution is due to no fault of the bail.

We think the case warrants the exercise of the equitable power of the court for the relief of bail, and that a formal surrender through *habeas corpus* should not be required.

The rule for the discharge of the bail and the return of the deposit should be made absolute, but without costs.