HUDSON COUNTY CIRCUIT COURT.

GEORGE T. O'DONNELL, PLAINTIFF, v. JOSEPH MULLEN AND MAY MULLEN, DEFENDANTS.

For the plaintiff, *Raskin & Hornstein*.

For the petitioners John Donaghy and Charles Lyons, *Samuel L. Hirshberg*.

BROWN, C. C. J. The defendant Joseph Mullen was arrested on a *capias ad respondendum* in the above-entitled suit on October 17th, 1925. Thereupon the petitioners John Donaghy and Charles Lyons furnished bail for Joseph Mullen as principal. The bail furnished was in the form provided by statute. 3 *Comp. Stat.* 1910, *p.* 4073. The suit resulted in a judgment being entered against the defendant and in favor of the plaintiff on March 31st, 1926. On September 15th, 1926, the judgment was docketed in the New Jersey Supreme Court. The defendant Joseph Mullen died on April 15th, 1927, a period of one year and fifteen days after the entry of the judgment. Nothing further was done with the judgment thus obtained until the 26th day of April, 1927, after the death of the defendant Joseph Mullen, when an execution was issued out of the Supreme Court and returned "wholly unsatisfied." Depositions were taken on the rule to show cause and they disclosed that no *capias ad satisfaciendum* was ever issued and no proceedings were ever taken against

the sureties to compel them to satisfy the judgment obtained against the defendant. The sureties have applied to this court to be relieved of the bail furnished by them on the ground that the principal has died before their liability on the bail became fixed and that the death of the principal before the forfeiture is a defense to a suit on the bail.

The question to be determined is whether under the circumstances this court can enter a rule exonerating the sureties from their bail. The rules of procedure governing applications to release from bail is controlled by the rules of the old court of Kings Bench. *Armstrong* v. *Davis*, 1 *N. J. L.* 110; *Parker* v. *Ogden*, 2 *Id.* 136; *Morgan* v. *Bowman*, 103 *Id.* 544.

While the question has not been raised by either of the parties on the argument of the rule as to the procedure followed in applying for the relief sought, it is well to understand that at common law the courts would not hesitate to relieve from bail in a summary manner and direct an *exoneretur* to be entered in cases addressed to the discretion of the court as well as in cases of strict right.

Where the bailors are entitled to be discharged *debito justitæ* they may not only apply for an *exoneretur* by way of summary proceeding but they may plead the matter as a bar to the suit in their defense. The fundamental question left for decision is whether the liability on the bail in this case was fixed before the death of the principal.

It is well settled at common law that the death of the principal at any stage of the suit before the return of the *capias ad satisfaciendum* against the principal, entitles the bail to an exoneration; by the return of the *capias ad satisfaciendum* against the principal bail becomes fixed in law, and his death after that time is held not to give the right to an exoneration 6 *C. J.* 918.

The case of *Armstrong* v. *Davis*, 1 *N. J. L.* 110, is in accord with this line of reasoning. To the same effect is the case of *Davidson* v. *Taylor*, 25 *U. S.* 604, in which Chief Justice Marshall wrote the opinion. In referring to the time that bail became fixed the Chief Justice said:

"To many purposes, the bail is considered as fixed by the return of the *capias ad satisfaciendum*. But the courts allowed the bail to surrender the principal, within a limited period after the return of the *scire facias* against them, as matter of favor, and not as a matter pleadable in bar. In certain cases, even a formal surrender has not been required, where the principal was still living, and capable of being surrendered, and an *exoneretur* would be entered, and the principal discharged, immediately upon the surrender. But the rule has never been applied to cases where the principal dies before the return of the *scire facias*. In such a case, the bail is considered as fixed by the return of the *capias ad satisfaciendum*."

Section 79 of the Practice act (3 *Comp. Stat.* 1910, *p.* 4075, § 79) provides: "After a *capias ad satisfaciendum* shall have been returned *non est inventus*, the plaintiff may proceed against the bail upon their recognizance."

It appears settled then that a bail becomes fixed in law by the return "not found" upon a *capias ad satisfaciendum* issued against the principal. It is conceded in this case that no *capias ad satisfaciendum* was issued before the death of the principal. The sureties are therefore entitled to an *exoneretur* being entered in their favor and this will be done.