GEORGE D. TRUITT, APPELLANT, v. MAX LANDESMAN, RESPONDENT.

Argued February 5, 1931—Decided October 19, 1931.

For the appellant, *Michael G. Alenick*.

For the respondent, *Fast & Fast*.

The opinion of the court was delivered by

LLOYD. J.  The question in this case is whether the surety in a *capias* case properly surrendered his principal so as to prevent a judgment being entered in an action against the surety after judgment, execution and a return of *non est inventus* as to the defendant in the principal cause.  The court below held that the surrender was legally made, and in the trial before the judge without a jury upon a stipulation of facts, judgment was given in favor of the defendant.  From this judgment the plaintiff appeals.

The essential facts as stipulated by the parties were as follows:  An action having been begun against the surety on March 4th, 1929, notice was given by the defendant's attorney on March 18th, 1929, that the principal in the bail bond would be surrendered before the Chief Justice on March 23d, 1929.  Attorneys for both parties appeared but the principal was not produced.  To the action thus instituted the defend-

ant filed an answer, out of time by consent, setting up an attempted surrender of the principal to the sheriff of Essex county on March 13th, 1929, and that the sheriff declined to receive him as a prisoner without an order of court. On May 14th, 1929, an order was made by the Circuit Court judge extending the time until the 29th of May within which the surety might surrender his principal, which later seems to have been extended to January 18th, 1930. The principal having in the meantime been convicted of offenses against the criminal laws, and sentenced to the state prison, a writ of *habeas corpus* for the production of the body before a judge of the Circuit Court was allowed, whereupon the trial judge made an order accepting the surrender, exonerating the bail, and gave judgment for the defendant.

The Practice act of 1903, section 77, prescribes the time and manner of the rendition of the principal in this language:

"Subsequent to the return of the *capias ad respondendum* the defendant may on motion to the plaintiff render himself or be rendered in discharge of his bail either before or after judgment, to the court in which the action was brought or to a judge; provided such surrender be made within twenty days after the return day of the *scire facias* against the bail or of the process in an action on the recognizance of bail and not after, unless for good cause further time be granted by the court or a judge."

It is quite clear that the attempted surrender to the sheriff was ineffective and we think it equally clear that the order of the judge, not made within twenty days after the return day of the *scire facias* against the bail or of the process in an action on the recognizance of bail, was equally ineffective. The terms of the statute are specific that the surrender must be made within the twenty-day period unless for good cause the time be extended.

The statute as we think contemplated an application and extension within the twenty days and not thereafter, and such is the construction of statutes in cognate cases. *Franz-Milton Co.* v. *Hall,* 73 *N. J. L.* 97; *Dean* v. *Borough of Park Ridge, ante, p.* 4. In the present case no application was

made to the trial judge for such extension until long after this period had expired and the judge was then powerless to entertain an application in the face of the plain terms of the act. The ultimate delay of the greater part of a year in the case before us is demonstrative of the necessity of adhering strictly to the terms of the statute.

For the reasons expressed the judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.