47 N.J. Super. 86 (1957)
135 A.2d 337
WILLIAM H. YANCEY, PLAINTIFF,
v.
ROSE LOWE, RESPONDENT, HARRY KANDELL, INDIVIDUALLY AND TRADING AS PASADENA BAR, AND CLIFFORD LOWE, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1957.
Decided October 24, 1957.
*87 Before Judges CLAPP, JAYNE and HUGHES.
Mr. Arthur M. Karl argued the cause for plaintiff-appellant.
There were no other appearances.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Plaintiff appeals from an order of the Essex County Court made by Judge Foley, denying, without prejudice, plaintiff's motion to enforce a capias bond upon which the defendant, Clifford Lowe, also known as Clifford James Lowe, is the principal and his mother, Rose Lowe, is the surety.
The action is for damages resulting from an outrageous battery committed by Clifford Lowe upon the plaintiff. On March 10, 1955 the court ordered the issuance of a writ of capias ad respondendum, under which Lowe was arrested on January 23, 1956. On February 2, 1956 he *88 posted the aforementioned capias bond, which is in the penal sum of $1,000. We are told in appellant's brief that early in 1955 he had been indicted for atrocious assault and battery and on January 23, 1956 was apprehended on this charge and then released from jail under bail. It also appears that on May 3, 1956 he was convicted and on May 31, 1956 sentence was imposed upon him for a term of 18 months in the Essex County Penitentiary.
After the pronouncement of the sentence, and on June 22, 1956, judgment was entered against him in the civil action for $5,775.25. On November 8, 1956 a writ of capias ad satisfaciendum was issued against him, and on November 26, 1956 it was returned by the sheriff "non est inventus," Lowe being in the penitentiary. Subsequently, through the above-stated motion filed in the cause, plaintiff sought to enforce the liability of Rose Lowe as surety upon the capias bond. R.R. 4:118-6(b). The condition of the bond reads as follows:
"Now, the condition of this obligation is such that if the said Clifford James Lowe shall at all times render himself amenable to the orders and process of the court pending the action and to such process as shall be issued to compel the performance of the judgment therein, or to be surrendered to the court in lieu thereof and shall appear before the court or any officer thereof when so required by order of the court, then this obligation to be void, otherwise to remain in full force and effect."
By the motion plaintiff seeks to recover the sum of $5,848.55, the amount of his judgment against Lowe. But obviously, Rose Lowe can under no circumstances be held in excess of the penal amount of the bond, namely, $1,000.
Plaintiff's contention seems to depend in the first place upon the return of the Essex County sheriff to the capias ad satisfaciendum, "non est inventus." However, the fact is, as appears by affidavits of both plaintiff and Rose Lowe, that Clifford Lowe was, at the time of the return, in the Essex County Penitentiary. The return could have been set aside by motion in the cause, on the basis of these affidavits. Cf. R.R. 4:4-8, referring to "any process"; *89 Loewenthal v. Wagner, 68 N.J.L. 214 (Sup. Ct. 1902); Sweeney v. Miner, 88 N.J.L. 361 (E. & A. 1915). But this would have been a mere formality under the circumstances.
The situation, therefore, is clearly one where the condition of the bail bond (viz., that Lowe would "render himself amenable * * * to such process as shall be issued to compel the performance of the judgment") was impossible of performance at the time of the issuance of the capias ad satisfaciendum and for months after. Under these circumstances the sureties cannot be amerced. O'Donnell v. Mullen, 8 N.J. Misc. 694 (Cir. Ct. 1930); see Steelman v. Mattix, 38 N.J.L. 247, 249 (Sup. Ct. 1876); State v. Traphagen, 45 N.J.L. 134, 135 (Sup. Ct. 1883). This is elementary contract law. 3 Williston, Contracts (rev. ed. 1936), § 810. This case is to be differentiated from one (on which we need not pass) where the liability of the sureties on the bond had become fixed, and where the condition of the bail bond had become impossible of performance thereafter. See decisions cited.
Plaintiff claims that Mrs. Lowe could have discharged her own liability on the capias bond by surrendering her son at any time between February 2, 1956, when this capias bond was posted, and May 31, 1956, when Lowe was imprisoned under the criminal charge; and that, through a motion, Atkinson v. Prine, 46 N.J.L. 28, 31, 32 (Sup. Ct. 1884), she could have discharged herself from liability thereon at any time thereafter until the lapse of 20 days after the present proceeding to hold her had been commenced. N.J.S. 2A:15-47. But, assuming that to be so, nevertheless this failure on her part to secure a release of her own liability does not preclude her from setting up that the condition of the bond was impossible of performance so long as her son remained in jail under the criminal charge.
Affirmed.