PAUL IARIA, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE
MUTUAL INSURANCE COMPANY, A FOREIGN CORPO-
RATION, DEFENDANT-RESPONDENT.

Argued October 14, 1959—Decided January 25, 1960.

*Mr. Irving C. Evers* argued the cause for plaintiff-appellant (*Mr. Joseph H. Gaudielle,* attorney; *Mr. Albert O. Scafuro,* of counsel).

*Mr. Nelson G. Gross* argued the cause for defendant-respondent (*Messrs. Gross and Gross,* attorneys).

The opinion of the court was delivered by

SCHETTINO, J.   Plaintiff appealed from a Superior Court, Law Division judgment of "no cause of action."   Prior to hearing in the Appellate Division, we certified the cause on our own motion.

The case was tried on stipulation of facts.   On September 11, 1957 plaintiff instituted an action by *capias ad respondendum* against Vincent Gramuglia.   That suit stemmed from an atrocious assault and battery.   On September 27, 1957 Gramuglia, with defendant as surety, entered into a recognizance of bail in the sum of $5,000 and was then released.   *N. J. S.* 2A:15–43; *R. R.* 4:66–4(*a*).   Gramuglia failed to appear when trial of the assault and battery case took place on April 17, 1958.   A judgment of $6,500 was entered against him.   Gramuglia's failure to appear was due to the fact that on April 13, 1958 he had been deported pursuant to an order of the United States of America, Department of Justice, Immigration and Naturalization Service.   On May 20, 1958 plaintiff issued a writ of execution to the sheriff and thereafter the sheriff returned the writ *"non est inventus."*

On June 18, 1958, plaintiff instituted the present action seeking to recover from defendant surety on the bond.   The parties stipulated that "the sole legal issue to be determined by the trial court was whether or not defendant surety should be discharged or excused from performance under its Bond, by reason of the order and action of the United States Government, which resulted in the deportation of the said Gramuglia prior to the date of trial and judgment."

The trial court found that Gramuglia had been deported by the United States, that such deportation put Gramuglia beyond the control of the surety, that the surety could not therefore perform its obligation of producing Gramuglia, that the surety was precluded "from doing so by an act of law," and that therefore the surety could not be amerced and was excused from performance, citing *Yancey v. Lowe,* 47 *N. J. Super.* 86 (*App. Div.* 1957).

██ A *capias ad respondendum* is allowed only in certain cases, such as an outrageous battery or a willful and malicious act. *N. J. S. 2A*:15–41. See also, *N. J. S. 2A*:15–42. The writ commands the sheriff to take the defendant, and him safely keep, so that he may have his body before the court on a certain day, to answer the plaintiff in the action. *Civil Procedure Form* No. 3, *R. R.*; Black's *Law Dictionary* (*4th ed.* 1951) *p.* 262. It is an order to the proper officer "to take defendant into custody, and keep him until discharged according to law." 6 *C. J. S. Arrest* § 57, *p.* 672. Its operative effect goes much beyond that of an ordinary summons. "The aim or purpose of a *capias* is to compel the appearance of defendant in court to answer the action, by actual arrest of his person." 6 *C. J. S. Arrest* § 57, *p.* 672.

█ After the seizure of the defendant upon the *capias* he is entitled to be brought before the court for the purpose of securing his release on bail. Defendant may then be released from custody upon his depositing with the sheriff a cash amount equivalent to the bail set (*R. R.* 4:66–4(*c*); *Harris, Pleading & Practice in New Jersey* (1926), § 129, *p.* 109) or, as was done in the instant case, by entering into a recognizance of bail to plaintiff, with surety (*N. J. S.* 2A:15–43), and by delivery of the recognizance to the sheriff (*R. R.* 4:66–4(*a*)). The rule requires the bond to be conditioned upon defendant at all times rendering himself amenable to the orders and processes of the court pending the action and to such processes as shall be issued to compel the performance of the judgment, and that defendant shall appear before the court or any officer thereof when so required by order of the court.

█ Gramuglia did not perform the condition of his bond. Nor did he surrender himself under *N. J. S.* 2A:15–47 which reads in part:

"The defendant may, on notice to the plaintiff, render himself or be rendered in discharge of his bail, either before or after judgment, to the court in which the action was brought; but such render shall be made within 20 days after proceedings or an action is commenced

against the bail on the recognizance of bail and not after, unless for good cause the court grants further time. Upon the render the defendant shall be committed, and thereupon the bail shall be discharged."

The record reveals no excuse for Gramuglia's failure to seek a discharge of the bond under the terms of this statute. It does not appear that he was unable to surrender himself prior to deportation. In fact at oral argument defendant's counsel stated that Gramuglia was deported because he had been admitted as a non-immigrant visitor and had stayed beyond the permissive period. We need not consider the effect upon his obligation if circumstances somehow denied him an opportunity to surrender.

The surety guaranteed Gramuglia's performance and must respond for his breach of the obligation. *Cf. Annotation,* 4 *A. L. R.* 2d 440 (1949). The surety could have avoided liability by compliance with the provisions of the statute quoted above. *Truitt v. Landesman,* 108 *N. J. L.* 109 (*E. & A.* 1931). It, of course, did not. Nor could it be aided by the suggestion that its obligation be suspended (see *Yancey, supra,* and *Steelman v. Mattix,* 38 *N. J. L.* 247 (*Sup. Ct.* 1876)) as Gramuglia is not in custody within this jurisdiction and subject to surrender before or upon termination of a confinement in this State. Gramuglia is outside the country and hence no process is available for rendition to plaintiff of the performance to which he is entitled.

We hold therefore that defendant surety is not exonerated and we reverse and remand for entry of judgment for plaintiff.

*For reversal*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For affirmance*—None.